**James NISS, Plaintiff–Appellant,**

v.

**COLUMBIA PICTURES INDUSTRIES, INC., Encore Media Corp. and Home Box Office, a division of Time Warner Entertainment Co., L.P., Defendants–Appellees.**

**Docket No. 01–7098.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2002.

James Niss, Richard H. Dolan, of counsel, Schlam, Stone & Dolan LLP, New York, NY, for appellants.

Robert W. Clarida, Robert J. Bernstein, David Goldberg, of counsel, Cowan, Liebowitz & Latman, P.C., New York, NY, for appellee.

Present GRAAFEILAND and CABRANES, Circuit Judges.[1]

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

1. Pursuant to 2ND CIR. R. § 0.14, this case was    heard by a two-judge panel.

AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff James Niss ("plaintiff" or "Niss") appeals from a summary judgment entered on December 21, 2000 by the United States District Court for the Southern District of New York in favor of defendants Columbia Pictures Industries, Inc., Encore Media Corp., and Home Box Office (collectively "Columbia").

Niss principally asserted a claim against Columbia for copyright infringement. Niss contends that his father Stanley Niss wrote the story outline, screenplay, and motion picture Pendulum (collectively the "Pendulum properties"). Niss further argues that he is entitled to the renewal copyright in the Pendulum properties, as the sole heir of his father, pursuant to 17 U.S.C. § 304(a)(1)(C).

Columbia claims that it owns the renewal copyrights because the Pendulum properties were "works for hire." Columbia asserts that the Pendulum story outline and screenplay were created at the "instance and expense" of MGM, which transferred to Columbia by contract all rights it had in the Pendulum properties. And Columbia argues that Niss produced the motion picture at its "instance and expense."

For substantially the reasons stated in Judge Preska's careful and thorough Order and Memorandum of December 21, 2000 and Judgment of December 22, 2000, the judgment of the District Court is hereby AFFIRMED.